**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.:    20MJ3838 |
| v. | 18 U.S.C. § 922(g)(1) - Felon in Possession of a Firearm |
| WALTER MARCOS MARTINEZ, | 21 U.S.C. § 841(a)(1) -  Possession of Methamphetamine with Intent to Distribute |
| Defendant. | |

The undersigned complainant being duly sworn states:

COUNT ONE

On or about August 20, 2020, within the Southern District of California, defendant WALTER MARCOS MARTINEZ, knowing his status as a convicted felon, that is, a person having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm that traveled in and affected interstate commerce, to wit: a Sig Sauer, model P226, 9 millimeter pistol bearing an obliterated serial number; in violation of Title 18, United States Code, Section 922(g)(1).

COUNT TWO

On or about August 20, 2020, within the Southern District of California, defendant WALTER MARCOS MARTINEZ, did knowingly and intentionally possess, with intent to distribute, 5 grams and more: to wit 30.4 grams of Methamphetamine (actual); a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1).

1    The complainant further states that this complaint is based on the attached Probable

2  Cause Statement incorporated herein by reference.

3

4    _____

5    Arnesha Bahn

6    ATF Special Agent

7

8  Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   telephone on this 9th day of September, 2020.

9

10    _____

11    HON. BARBARA L. MAJOR

12    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROBABLE CAUSE STATEMENT

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers. The following does not contain all of the information known to myself or other federal agents and state and local officers regarding this investigation, but does contain at least those facts believed to be necessary to establish the requisite probable cause.

On or about August 20, 2020, while driving marked vehicles, National City Police Department ("NCPD") officers assigned to the Gang Enforcement Team observed a Honda sedan traveling westbound on E. 16th Street approaching National City Blvd. After observing, among other California Vehicle Code violations, that the vehicle's third rear brake light was not working, officers conducted a traffic stop. The vehicle yielded at the 1100 block of National City Blvd, within the Southern District of California.

Officers approached the vehicle and made contact with the driver and sole occupant Walter Marcos MARTINEZ ("MARTINEZ"). During routine questioning, MARTINEZ indicated that he was a member of the "Market Street" street gang.  However, MARTINEZ claimed that he was no longer an active member. Officers noticed MARTINEZ had an, "M" tattooed below his lower lip and by MARTINEZ' own admission, he bore a, "Market" tattoo on his chest. Through training and experience, law enforcement personnel knew that members of criminal street gangs can only receive such tattoos for committing violent crimes for the benefit of the gang. Furthermore, through training and experience, law enforcement personnel knew members of gangs commonly possess weapons, and when in vehicles, those weapons are easily accessible for quick retrieval and use.

Officers noted that MARTINEZ appeared nervous and was fidgeting with his wallet and seldom made eye contact. When officers asked MARTINEZ if there was anything illegal in the vehicle, MARTINEZ hesitated and did not answer. Once more, officers asked MARTINEZ if there was anything illegal in the vehicle, at which point MARTINEZ stated there was nothing illegal in the vehicle.

1   After asking MARTINEZ several times to exit the vehicle, MARTINEZ complied
2   with the officer's instructions. For officer safety, officers conducted a pat down of
3   MARTINEZ' outer clothing for weapons at which point officers felt what they believed
4   were numerous pills in a zip-top bag located inside MARTINEZ' right cargo pant pocket.
5   Officers asked MARTINEZ what was in his pocket. MARTINEZ indicated that he did not
6   know what was in his pocket and claimed there was nothing there. Through training and
7   experience, law enforcement personnel knew that members of street gangs commonly
8   engage in drug sales to include prescription pills.

9   Officers placed MARTINEZ in handcuffs. Officers retrieved the zip-top bag from
10  MARTINEZ' pant pocket, which contained 30.4 grams of medium sized crystalline shards
11  in rock-like form. The substance later tested positive for methamphetamine. Based on my
12  training and experience in drug-related investigations and arrests, 30.4 grams of
13  methamphetamine will contain five grams or more of actual methamphetamine.

14  Officers placed MARTINEZ under arrest and conducted a search of MARTINEZ'
15  vehicle. During a search of the center console, officers located saran wrap and several zip-
16  top bags which were identical to zip-top bag found in MARTINEZ' cargo pocket.

17  While searching behind the dashboard, officers located a Sig Sauer, P226, 9
18  millimeter pistol bearing an obliterated serial number. The firearm had been concealed
19  behind the dashboard and accessible through the broken glovebox insert which fell
20  downwards when opened. The firearm had a magazine inserted and was loaded with 15
21  rounds of 9 millimeter ammunition.

22  Additionally, while searching the vehicle, officers located several items of gang
23  indicia including a Milwaukee Brewers baseball hat with a large "M" logo, a navy blue
24  bandanna, a Milwaukee Brewers keychain with an "M" logo, a marijuana container with,
25  "VMLS Gang" written on it, and MARTINEZ was wearing a Miami Marlins watch with an
26  "M" logo on the face. Moreover, officers located a piece of paper in MARTINEZ' wallet
27  that read in part, "Child hood nickname Daffy" and several email addresses and user names
28  with the numbers, "1319" included. The alphanumeric corresponding letter to the number

13 is, "M" and 19 is, "S" representing, "Market Street." Officers believed the aforementioned gang indicia indicated MARTINEZ' active membership, alliance, and loyalty to the "Market Street" street gang.

Preliminary records checks revealed the following relevant criminal history:

| CONVICTION DATE | COURT OF CONVICTION | CHARGE | TERM OF IMPRISONMENT |
|---|---|---|---|
| 12/31/2009 | CASC – Sacramento | 245(A)(1) - PC Force/ADW Not Firearm: GBI Likely<br><br>Enhancement: Participate in Crim Street Gang: Spec Circ 186.22 PC | 6 Years' Prison |

The firearm was seized and inspected. Preliminary checks revealed that the firearm was not manufactured in California. Therefore, the firearm traveled in, and/or affected interstate commerce to arrive in the state of California.

**MOTION FOR SEALING**

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this complaint, including the probable cause statement and arrest warrant. Sealing is necessary because premature disclosure of the contents of this probable cause statement and related documents may cause the defendant to flee, may cause destruction of evidence, or otherwise have a negative impact on this continuing investigation.